THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELADIO RIVERA ACOSTA, Defendant and Appellant.

No. Cr–62–93.    Decided March 4, 1963.

534

*William Morales Torres* for appellant.  *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras, Deputy Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

A warrant was issued against defendant setting forth that "evidence having been presented this day, October 25, 1958, in the form of a sworn statement signed by police officer Melitón Cordero, No. 388, to the effect that Eladio Rivera, a resident of Bda. Salazar of Ponce, P. R., who is white, about 50 years of age, weighing about 150 pounds and about 62 inches tall, gray hair, no mustache, wears a hat, is at present engaged in transporting and offering for sale bolipool material," etc., and "that declarant knows this for a fact because on October 24, 1958, around 3:00 p.m., while walking along street 4 of ward Bélgica of Ponce, Puerto Rico, I saw the defendant holding in his hands a great number of tickets of different colors on which letters and figures were printed, which tickets consisted of paper strips or listings about one inch wide and five inches long which were the same as those used in the illegal game of bolipool.  That defendant offered

these tickets to a dark man who was next to him. That as I approached this individual, someone said: 'be careful, they catch you,' and then defendant and his companion took to flight. That declarant is sure that it was bolipool material because those tickets were similar to other tickets which he had seen in other occasions in bolita cases taken to court in which he had intervened, and also because upon noticing declarant's presence he fled taking the said material with him."

Defendant was searched and bolita material was found in his possession. Prior to the trial he moved for suppression of the material seized. It was denied. On appeal, it is the only error assigned. He maintains (1) that § 3 of Act No. 220 of 1948—33 L.P.R.A. § 1249—does not authorize the search of a person; (2) that the search warrant directed against the person of defendant did not warrant the seizure of the automobile in which he was traveling; and (3) that the sworn statement does not state facts sufficient to issue the search warrant.

█ Regarding the first ground, although it is true that § 3 of Act No. 220 of 1948 provides that "when the Insular Police of Puerto Rico, or the special investigation force created by this Act, may, upon a search warrant issued by a competent magistrate, when such order may be necessary, surprise one or more persons in any room, house, building, structure or premises of any kind, engaged in the manipulation of the games known as *bolita, bolipul,* clandestine combinations connected with the pools or *bancas* of the racetracks of Puerto Rico, and clandestine lotteries, it shall, after seizing all the implements, coins, devices, materials, and tools, bring the matter before the district attorney of the proper judicial district, so that said person or persons may be prosecuted in conformity with the provisions of this Act," can not be interpreted at all in the sense of setting aside the provisions of

§§ 502 and 506 of the Code of Criminal Procedure—34 L.P.R.A. §§ 1812(3) and 1816—which expressly authorize the search of persons. See, also, *People* v. *Yulfo*, 71 P.R.R. 767 (1950). It would be slightly less than absurd to construe the Act in such fashion.

■ Let us consider the second ground to the effect that the warrant to search the person of defendant did not authorize the seizure of the automobile in which he was traveling. The acts charged against appellant occurred in October 1958. In *People* v. *Sánchez*, 83 P.R.R. 393 (1961), a case of violation of Act No. 220, we said in referring to § 7(*n*) of the Automobile and Traffic Act of 1946—9 L.P.R.A. § 177(*n*) —that the police could order a driver to stop his vehicle. And obviously he could order him to stop the vehicle in which the person against whom the search warrant was issued was riding as passenger. When defendant was searched bolita material was seized on his person.

■ As to the third ground to the effect that the sworn statement on which the search warrant was issued does not state sufficient facts, a reading thereof shows that it does. Declarant stated the following:

"That I know this for a fact because on October 24, 1958, around 3:00 p.m., while walking along street 4 of ward Bélgica of Ponce, Puerto Rico, I saw the defendant holding in his hands a great number of tickets of different colors on which letters and figures were printed, which tickets consisted of paper strips or listings about one inch wide and five inches long which were the same as those used in the illegal game of bolipool. That defendant offered these tickets to a dark man who was next to him. That as I approached this individual, someone said: 'be careful, they catch you,' and then defendant and his companion took to flight."

The judgment appealed from will be affirmed.